In the Matter of the Application of EDITH M. FINEGAN for a Determination as to the Validity, Construction or Effect of the Disposition of Property, Contained in the Last Will and Testament of LIZZIE M. SLITER, Deceased.

EDITH M. FINEGAN, Appellant; ARTHUR J. SLITER and GEORGE D. SLITER, Respondents.

Third Department, January 8, 1941.

*Lucien E. Clickner,* for the appellant.

*Chester G. Wager,* for the respondent Arthur J. Sliter.

*Guy F. Swinnerton,* for the respondent George D. Sliter.

CRAPSER, J. A petition was filed by the appellant for a construction of paragraphs fourth and fifth contained in decedent's will and which are as follows:

"*Fourth.* I give, devise and bequeath to my son George D. Sliter the use and occupation of the dining room, kitchen, pantry and rooms over the same, together with the front and back entrances to said rooms in that part of the homestead where I now reside in the Town of North Greenbush, Rensselaer County, New York, together with the use of all furniture including my bedding, contained in said rooms. I also give, devise and bequeath to my said son George D. Sliter sufficient space in the garage for his automobile, as the same is now being used and occupied by him.

" The use and occupation of the premises hereinabove given to my said son George D. Sliter is with the proviso that said premises shall be retained in the use and occupation thereof by my said son Arthur J. Sliter. Should the said Arthur J. Sliter not desire to retain said premises as his share of the estate, then I direct that my said executors hereinafter named may sell and dispose of said premises free and clear of all liens and incumbrances herein created by the provision herein made for my said son George D. Sliter.

" *Fifth.* All the rest, residue and remainder of my estate I give, devise and bequeath to my children Arthur J. Sliter and Edith M. Finegan and George D. Sliter, to be divided equally among them."

The testatrix died April 12, 1938. She left a farm and certain personalty consisting of bank accounts. Her will was probated April 25, 1938, and was dated September 19, 1934. She left her surviving one daughter, the appellant herein, and two sons, the respondents herein. The farm of 150 acres had long been in the family, the husband of the decedent having been born there. On the death of her husband in 1932, intestate, the children conveyed all their interest in the farm and farm property to their mother.

The daughter has married and lives away from home. The sons have always resided upon the farm upon which the mother resided. Arthur J. Sliter had conducted and managed the farm with his father for a number of years. The mother desired to provide in her will a home for her son George and for his future. It is apparent from the language of the will that she wanted to protect George not only so far as a home was concerned but so far as what property she left him was concerned.

In accordance with the provisions of paragraph fourth of the will Arthur J. Sliter filed with the surrogate consent to take and retain the real estate and premises mentioned and described in the said fourth paragraph of the will as his share of the said estate subject to the conditions and provisions imposed upon the said premises for the use and benefit of his brother George D. Sliter.

Much evidence was taken in the case. It is the contention of the appellant that each of the children was to have one-third of the estate.

The surrogate by his decree has found that it was the true intent and purpose of the testatrix by the fourth and fifth clauses of her will that the real estate owned by the testatrix and described as the " homestead " was to be given and devised to her son Arthur J. Sliter if he agreed to accept the same as his share of the estate.

The provisions of this will must be construed so as to make them harmonious with every act reasonably to be done. In the

fourth paragraph of the will there is a devise to Arthur of the home farm. The fourth and fifth paragraphs have to be read together.

The will clearly indicates that the testatrix desired to have George stay on the farm if Arthur took it as part of his residuary estate but not otherwise.

The decree appealed from should be reversed and a decree entered determining that the petitioner is entitled to the relief prayed for in her petition, with costs to all parties filing briefs payable out of the estate.

HILL, P. J., BLISS, HEFFERNAN and FOSTER, JJ., concur.

Decree reversed and a decree entered determining that the petitioner is entitled to the relief prayed for in her petition, with costs to all parties filing briefs payable out of the estate.